OPINION
{¶ 1} Defendant-appellant Jimmie Owens appeals from his conviction and sentence, following a guilty plea, on two counts of Theft. Owens contends that the trial court erred by imposing consecutive, maximum sentences, without making the findings required by R.C. 2929.14(C).
 {¶ 2} The sentence imposed in this case was jointly recommended by Owens and by the State. Furthermore, it is a sentence authorized by law for two fifth degree felonies. Consequently, it is not reviewable on appeal. R.C. 2953.08(D), and the judgment of the trial court is Affirmed.
 I {¶ 3} Owens was charged by indictment with two counts of Theft. Pursuant to a negotiated plea bargain, Owens pled guilty to both counts of Theft, the State agreed to an administrative termination of Owens's probation for a previous offense, and both parties agreed that a maximum sentence of one year on each count of Theft, to be served consecutively, was an appropriate sentence in this case.
 {¶ 4} The trial court accepted Owens's guilty pleas, and imposed a sentence of twelve months on each count, to be served consecutively. At the plea hearing, the trial court noted that it had to make specific findings, "but because of this plea agreement you are agreeing that these sentences will be consecutive without me making those specific findings." To the trial court's question, "You understand me?" Owens responded in the affirmative.
 {¶ 5} From his conviction and sentence, Owens appeals.
 II {¶ 6} Owens's sole assignment of error is as follows:
 {¶ 7} "WHETHER THE COURT ERRED IN IMPOSING CONSECUTIVE MAXIMUM SENTENCES PURSUANT TO DEFENDANT'S GUILTY PLEAS TO TWO INDICTED COUNTS OF THEFT, FELONIES OF THE FIFTH DEGREE WITHOUT DEMONSTRATING COMPLIANCE WITH OHIO'S SENTENCING STATUTE O.R.C. 2929.14."
 {¶ 8} Pursuant to R.C. 2929.14, a trial court is required to make certain findings of fact when it imposes a maximum sentence, and when it imposes consecutive sentences. However, where the sentence imposed is authorized by law, and where the sentence is jointly recommended by the defendant and the State, the sentence is not reviewable on appeal. R.C.2953.08(D). We so held in State v. Lentz (February 28, 2003), Miami App. No. 01-CA-31, and we see no reason to depart from that holding in the case before us.
 {¶ 9} Owens's sole assignment of error is overruled.
 II {¶ 10} Owens's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.